09-4922-ag
Balliu v. Holder                                                    BIA
A098 040 309

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
    DENNIS JACOBS,
            *Chief Judge,*
    ROSEMARY S. POOLER,
    DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

FLORJAN BALLIU,
        *Petitioner,*

        v.                                      09-4922-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Andrew P. Johnson, New York, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Lyle D. Jentzer, Senior
                       Litigation Counsel; Jeffrey L.
                       Menkin, Trial Attorney, Office of
                       Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Florjan Balliu, a native and citizen of Albania, seeks review of an October 29, 2009, order of the BIA denying his motion to reopen. *In re Florjan Balliu*, No. A098 040 309 (B.I.A. Oct. 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Balliu's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file only one motion to reopen and must do so within 90 days of the final administrative decision. *Luna v. Holder*. 637 F.3d 85, 95-96 (2d Cir. 2011); 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Although Balliu's motion was indisputably untimely, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in denying Balliu's motion to reopen. Balliu argues that the BIA erred by failing to properly consider and give weight to his father's statement, the police report his father filed, and a newspaper article in the record. To the contrary, the BIA specifically referenced those documents in its decision, and went on to find that, although the evidence supported the claim that Balliu's father had been harmed, it indicated that the motivation for the attacks was criminal. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) (harm motivated by wealth is not persecution under the INA). Balliu therefore essentially quarrels with the weight that the BIA chose to afford to the documents, a decision that lies within the BIA's discretion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Moreover, the BIA's determination that the attacks on Balliu's father were motivated by money rather than by the family's political opinion was not "arbitrary or capricious." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001). As the BIA found, the police report and the local news article indicated only that the motive behind those events was "a criminal demand for

3

money."  In addition, the BIA pointed to a doctor's report relating to injuries that Balliu's father allegedly sustained in October 2008, which stated that the father "refused to inform the doctor of the cause" of his injuries. Indeed, the only record evidence suggesting a political motive for the attacks was the father's statement, which the BIA reasonably determined was "less persuasive than these other reports, which appear to be more objective."  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008) ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Xiao Ji Chen*, 471 F.3d at 342.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4